UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DAVID CONIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:  3:15-cv-00160 |
| | ) |
| REPUBLIC SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, David Conia ("Conia"), by counsel, against Republic Services, Inc., ("Defendant") for its discriminatory actions against him based on his disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et. seq. ("ADA").

### II. PARTIES

2. At all times relevant to this action, Conia resided within the Southern District of Indiana.

3. Defendant is a municipal corporation and maintains offices and conducts business in the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12117.

5. Conia is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c). At all relevant times, Defendant had knowledge of Conia's disability and/or it regarded Conia as being disabled and/or Conia has a record of being disabled.

6. Conia is an "employee" as defined by 42 U.S.C. § 12111(4).

7. Defendant is an "employer" as defined by 42 U.S.C. § 12111(5)(A).

8. Conia exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendants with the Equal Employment Opportunity Commission. Conia received his Notice of Suit Rights for the Charge of Discrimination and timely files this action.

9. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

## IV. FACTUAL ALLEGATIONS

10. Conia was hired on or about March 11, 2013 as a Growth Sales Representative and held continuous employment with the Defendant until the date of his termination.

11. During all relevant time periods, Conia met or exceeded the Defendant's legitimate and reasonable performance expectations.

12. Approximately twenty (20) to twenty-five (25) years ago, Conia was diagnosed with a sleeping disorder disability.

13. Conia's disability has an effect on major life activities such as caring for oneself, performing manual tasks, seeing, hearing, sleeping, speaking, learning, reading, concentrating, thinking, communicating, and working.

14. In or about September 2013 through October 2013, Conia's disabling condition caused him significant health issues.

Case 3:15-cv-00160-RLY-MPB   Document 1   Filed 11/25/15   Page 3 of 6 PageID #: 3

15. In or about February of 2014, Conia submitted to a study to treat his disabling condition which required him to be off of his necessary medications treating his disability. Shortly thereafter and due to his disability, Conia went on short term disability leave on or about late February 2014 through on or about the end of March 2014.

16. Also on or about February 13, 2014, Conia was informed that he was being placed on a performance improvement plan concerning sales goals which retroactively began on February 1, 2014.

17. While out on short term disability leave, on or about March 24, 2014, Conia was called by his direct supervisor, Todd Chamberlain ("Chamberlain"), and was informed the performance improvement plan concerning sales goals was now set to begin on April 1, 2014 and would run through June 30, 2014.

18. At this time Conia was informed by Chamberlain that "presales" would count toward his sales numbers he was required to meet under the performance improvement plan.

19. Conia was a Growth Sales Representative whose duties included soliciting and securing new business and clients. Including and counting "presales" were extremely important because Conia's primary job duty was to cultivate new business from competitors that normally required a sixty (60) to ninety (90) day nullification period for their current contract.

20. Conia knew "presales" were crucial to his success under the performance improvement plan and received verification from Chamberlain that "presales" would count toward his sales numbers.

21. Upon his return from short term disability leave in April of 2014, Conia was forced to sign a non-compete agreement to remain employed with the Defendant.

3

22. On or about May 12, 2014, Chamberlain called Conia and informed him that "presales" would no longer count toward meeting his required sales numbers for the months of May and June.

23. Also on or about early May 2014, Chamberlain suggested to Conia that he should resign his employment with the Defendant. Conia refused.

24. On or about the beginning of June 2014, Chamberlain asked Conia whether he was going to resign his employment with the Defendant soon. Conia again refused.

25. On or about mid-June 2014, Chamberlain asked Conia if he had picked an exit date for leaving his employment with the Defendant. Conia informed Chamberlain once again he would not be resigning his employment with the Defendant.

26. With the removal of "presales" from Conia's sales numbers, the performance plan's requirements were unreasonable; however Conia continued to work diligently to meet the required sales numbers. Despite not meeting the requirements of the performance improvement plan due to "presales" being taken away, Conia continued to work through July of 2014.

27. On or about July 31, 2014, Chamberlain called Conia after hours and informed him that his employment with the Defendant was terminated.

28. Conia was terminated due to his disability and was subjected to different terms and conditions in his employment than similarly-situated employees who did not suffer from a disability.

## V.  LEGAL ALLEGATIONS

### ADA-DISABILITY DISCRIMINATION

29. Conia hereby incorporates paragraphs one (1) through twenty-eight (28) of his Complaint as if the same were set forth at length herein.

30. Defendant violated Conia's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq. by discriminating against and then ultimately terminating his employment based upon his disability.

31. Defendant's actions were intentional, willful, and in reckless disregard of Conia's rights as protected by the ADA.

32. Conia has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, David Conia, by counsel, respectfully requests this Court find for Plaintiff and order Defendant to:

1. Permanently stop from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her disability;

2. Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for the Defendant's unlawful employment actions, or award him front pay;

3. Reclassify Plaintiff's termination as a resignation;

4. Pay Plaintiff's lost wages and benefits;

5. Pay to Plaintiff compensatory, consequential and punitive damages;

6. Pay to Plaintiff pre- and post-judgment interest;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and

8. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:	(812) 424-1000
Facsimile:	(812) 424-1005
Email:		baylsworth@bdlegal.com

*Attorneys for Plaintiff, David Conia*

## DEMAND FOR JURY TRIAL

The Plaintiff, David Conia, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:	(812) 424-1000
Facsimile:	(812) 424-1005
Email:		baylsworth@bdlegal.com

*Attorneys for Plaintiff, David Conia*